UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GARY L. COLLMAR,

                Plaintiff,

vs.                                  Case No. 5:10-cv-695-Oc-36TBS

JORGE L. PASTRANA, WARDEN FCI COLEMAN, DR. COTTON, LIFE SKILLS PROGRAM COORDINATOR, MS. BENDER, LIFE SKILLS ASSISTANT DIRECTOR, MS. JOHNSON, CASE MANAGER, JOHN OR JANE DOES, FEDERAL EMPLOYEES, AND FEDERAL BUREAU OF PRISONS,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon review of the Defendants' Motion to Dismiss (Doc. #20, Motion), filed August 15, 2011. The Court previously advised Plaintiff to file a response to a motion to dismiss within twenty-one (21) days. *See* Doc. #14 at 3, ¶8. As of the date on this Order, Plaintiff has not filed a response and the time to do so has expired. Consequently, the Court deems the Motion ripe for review without the benefit of a response from Plaintiff.

### **I. Background**

Gary L. Collmar, a federal prisoner, who at all times pertinent to this complaint was confined at the Federal Correctional Institution at Coleman, Florida (hereinafter

"Coleman"),[1] is proceeding on his *pro se* Amended Civil Rights Complaint (Doc. #9, Amended Complaint), filed against the above-named federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2] The gravamen of Plaintiff's claim is that the named Defendants violated Plaintiff's constitutional rights when they denied him access to the Life Skills Program at Coleman. *See generally* Amended Complaint.

In particular, Plaintiff complains that upon his arrival at Coleman, he requested placement in the Life Skills Program (hereinafter "Program"). *Id.* at 8. Plaintiff states that, on May 27, 2010, he was interviewed by Defendants Cotton and Bender. *Id*. During the course of the interview, Plaintiff claims that he was asked several questions, including whether he would have any problem living with a person of a different race. *Id*. Plaintiff, who describes himself as "white/Aryan," states that he replied "no" and told Defendants Cotton and Bender that "the inmate population perception of [him] was that he gets along with everyone." *Id*.

---

[1] Plaintiff is currently confined at FCI, Memphis, TN. *See* docket.

[2] *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou,* 438 U.S. 478, 504 (1978).

On May 28, 2010, Plaintiff avers that an officer informed him that he was accepted into the Program and he was ordered to pack his property, because he was being moved to another housing unit where program participants were housed. *Id.* at 9. Shortly thereafter, Plaintiff states he was told by Defendant Bender that he was not going to be allowed to participate in the Program because he was a "racist." *Id.* at 10. Plaintiff alleges that Ms. Bender told him that her assessment of his character was based upon information provided by Ms. Mathews,[3] who is Plaintiff's counselor. *Id.* Defender Bender also told Plaintiff that she, Dr. Cotton and Ms. Mathews all agreed that Plaintiff "was a white racist and made the choice not to allow him to participate" in the Program because of his "cultural, racial views, and his race was [sic] deemed incompatible to the Program." *Id.*

Based on the foregoing, Plaintiff claims that the decision to deny him access into the Program because of his race violated his First, Fifth, and Fourteenth Amendment Rights. Plaintiff alleges that he felt degraded, disrespected, downtrodden and emotionally distraught. *Id.* at 11. As relief, Plaintiff seeks $48,000,000.00 in compensatory and punitive damages, as well as declaratory relief against the Defendants in both their individual and official capacities. *Id.* at 12.

---

[3]Ms. Mathews is not named as a defendant in the Amended Complaint.

## II. Standard

Defendants seek dismissal of Plaintiff's Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See generally* Motion. In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F. 3d 840, 845 (11th Cir. 2004). Thus, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 615 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1951 (2009) (discussing a 12(b)(6) dismissal); *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly-Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott*, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the

plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, (2007); *Marsh*, 268 F.3d at 1036, n. 16. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle{ment} to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. (Citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.(citations omitted).

A complaint must satisfy the pleading requirements of Fed. R. Civ. P. 8 by simply giving the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41 (1957). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1968-69 (citations omitted).

### III. Applicable Law

Upon review of the Amended Complaint, the Motion, and applicable law, the Court finds that the Amended Complaint is due to be dismissed.

**Sovereign Immunity**

At the outset, the United States Supreme Court has held "that *Bivens* claims do not extend to federal officers in their official capacity and are barred by sovereign immunity." *Bevan v. Steele*, 417 F. App'x 840, 841 n.3 (11th Cir. 2011)(citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994)). *See also Solliday v. Fed. Officers*, 413 F. App'x 206, 209-210 (11th Cir. 2011)(citing *Corr. Sevs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001)(holding that *Bivens* is only concerned with deterring the unconstitutional acts of individual officers)). Thus, to the extent that Plaintiff brings this action against the Federal Bureau of Prisons, and any of the named Defendants in their official capacity, Plaintiff's claim is barred by sovereign immunity.

**42 U.S.C. § 1997e(e)**

Even if the Court considers Plaintiff's claim against the Defendants in their individual capacities, his request for monetary damages must be dismissed pursuant to 42 U.S.C. § 1997e(e). Here, Plaintiff does not allege that he suffered any physical injury. Instead Plaintiff claims damages "for humility and degradation," which he "felt by [the] act of the Defendants." Amended Complaint at 12. Thus, Plaintiff is not entitled to any damages against the Defendants in their individual capacities. *Tsosie v. Garrett*, 409 F. App'x 262, 263 (11th Cir. 2010)(affirming district court's dismissal pursuant to 42 U.S.C. § 1997e(e) in *Bivens* action where

plaintiff sought monetary damages, but failed to allege any physical injury).

**Defendant Johnson**

Next, the Amended Complaint is due to be dismissed against Defendant Johnson because the Amended Complaint is completely devoid of any allegations establishing Defendant Johnson's involvement in the instant cause of action. *See generally* Amended Complaint. In order to establish a *Biven's* claim, a plaintiff is required to allege that the defendant either directly participated in the alleged constitutional deprivation, or allege a causal connection between the defendant's actions and the omissions or acts giving rise to the constitutional deprivation. *Cotton v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, the Amended Complaint is completely silent as to any action or inaction undertaken by Defendant Johnson; and, thus, the Amended Complaint must be dismissed as to Defendant Johnson.

**Defendant Warden Jorge L. Pastrana**

Similarly, Plaintiff's claim against Warden Jorge L. Pastrana fails. The Amended Complaint contains no factual allegations concerning Warden Pastrana, but only contains a single conclusory allegation: "Warden's failure [sic] to correct discrimination when it became known to him violated Plaintiff's due process rights." Amended Complaint at 12. No where in the Amended Complaint does Plaintiff allege that the Warden was made aware of the alleged

constitutional violations. *See generally Id.* Rather, it appears that Plaintiff predicates liability upon Defendant Pastrana based solely on his position as the Warden. Like a § 1983 claim, supervisory officials in a *Bivens* claim are not liable for the unconstitutional acts of their subordinates simply on the basis of *respondeat superior* or vicarious liability. *Solliday v. Fed. Officers*, 413 F. App'x at 209 (citing *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). "Supervisors can be liable under *Bivens* when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiffs, and his conduct was causally related to the constitutional violation committed by his subordinate." *Id.* (*citing Greason v. Kemp*, 891 F. 2d 829, 836 (11th Cir. 1990)). Here, the Amended Complaint is completely devoid of any allegations that Warden Pastrana participated or was involved in the decision to exclude Plaintiff from the Program. Consequently, the Amended Complaint fails to state a claim against Warden Pastrana in his individual capacity.

**Due Process**

As to the remaining Defendants, the Court finds that the Amended Complaint is due to be dismissed because Plaintiff cannot establish that his constitutional rights have been violated. *See e.g. Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)(recognizing that a *Biven's* claim requires the plaintiff to

first establish a constitutional violation).  In particular, Plaintiff does not have a liberty interest in participating in the Program while incarcerated at Coleman.  *See Sandin v. Connor*, 515 U.S. 472, 487 (1995).  Instead, an inmate is entitled to the protection of due process under the Federal and State Constitutions only if there is an existing liberty or property interest at stake. *Id.* at 484.  In the prison context, unless a condition "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison," a prisoner does not have a liberty interest in avoiding a particular condition of confinement. *Id.*; *see also*, *Solliday v. Fed. Officers*, 413 F. App'x at 209 (other citations omitted)(stating that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected are within the sentence imposed and not otherwise violative of the Constitution, the Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight."

Indeed, the U.S. Supreme Court has recognized that a prisoner does not have a liberty interest in avoiding disciplinary segregation.  *Sandin*, 515 U.S. at 485-86.  Nor does an inmate have a constitutionally protected liberty interest in being housed in a particular facility or classified with a particular security status.  *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005).  In fact, no constitutionally protected liberty interest exists in prison vocational, rehabilitation, and educational programs under

the Fourteenth Amendment. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Nor does an inmate have a liberty interest in participating in work programs. *Canterino v. Wilson*, 969 F.2d 948, 952-54 (5th Cir. 1989).

Here, Plaintiff has not alleged any facts that being denied access to the Program resulted in him being subjected to conditions that either exceeded the confines of his sentence, or created a hardship sufficient to give rise to a liberty interest. Because Plaintiff did not possess a protected liberty interest in having access to the Program, his Fourteenth Amendment claim is due to be dismissed.

**Equal Protection**

Finally, Plaintiff's Equal Protection claim that he was denied access to the Program because of his race, also fails. To state an Equal Protection Claim, a prisoner must show that: (1) he was treated less favorably from similarly situated prisoners and (2) the state engaged in invidious discrimination based on his race, religion, national origin or some other constitutionally protected basis. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-1319 (11th Cir. Fla. 2006).

Initially, the Court notes that the Constitution does not "require prison officials to treat all inmate groups alike where differentiation is necessary to avoid an imminent threat of institutional disruption or violence." *Jones v. North Carolina*

*Prisoners' Labor Union,* 433 U.S. 119, 136 (1977). Plaintiff acknowledges that Defendants informed him that he was denied access into the Program because he was a "racist," not because of his race. Amended Complaint at 9. Plaintiff also admits that he considers himself a member of the "white/Aryan" race. *Id*. The Court affords "wide-ranging deference" to the informed discretion of prison officials, especially in matters involving institutional security. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). Moreover, Plaintiff has not articulated an Equal Protection claim because he does not claim that another prisoner of different race, who was determined to have "racist" views, applied for and was accepted into the Program. Thus, the Court finds Plaintiff's Equal Protection claim also fails.

Accordingly, it is hereby

**ORDERED and ADJUDGED:**

1. Defendants' Motion to Dismiss (Doc. # 20) is **GRANTED.**

2. The **Clerk of Court** shall enter judgment according, terminate any motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 30th day of January, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record